The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | CHAPTER 13 |
| | CASE NO. 10-62780 |
| JAMES M. MAULLER, II | |
| | JUDGE RUSS KENDIG |
| Debtor. | |
| | **MEMORANDUM OF OPINION** |
| | **(NOT FOR PUBLICATION)** |

On August 17, 2010, chapter 13 trustee Toby L. Rosen ("trustee") filed an objection to confirmation of debtor's chapter 13 plan. A confirmation hearing was held on September 22, 2010. At the hearing, the debtor was represented by David A. Mucklow and the trustee represented herself. The Court now decides the trustee's objection.

## BACKGROUND

On June 26, 2010, the debtor filed a chapter 13 bankruptcy petition and chapter 13 plan. Schedule F of the petition lists a total of $27,812 in general unsecured claims. Three accounts on schedule F are listed as joint accounts with debtor's non-filing wife: a Chase credit card account in the amount of $2,737; a Chase credit card account in the amount of $7,380; and a PNC credit card account in the amount of $8,325. Under debtor's plan, each of these accounts is to be paid at 100%. The remainder of the accounts are individual accounts. Under the plan, each of these accounts will be paid only 1%.

The debtor gives two reasons for the plan's different treatment of secured and unsecured creditors. First, he states that his wife does not wish to file bankruptcy because she has considerable equity in real estate, which would force the debtor and his wife to pay 100% to unsecured creditors if they filed jointly. (Response at 2). Second, the debtor wishes to preserve his wife's credit rating. Id.

The trustee argues that confirmation of debtor's plan should be denied because it unfairly discriminates between joint and individual creditors in violation of 11 U.S.C. § 1322(b)(1). The debtor contends that section 1322(b)(1) permits discrimination between joint and individual creditors.

## LAW AND ANALYSIS

As originally enacted in 1978, section 1322(b)(1) provided that a chapter 13 plan could "designate a class or classes of claims" so long as those classifications did not "discriminate unfairly." In re McKown, 227 B.R. 487, 491 (Bankr. N.D. Ohio 1998). Section 1322(b)(1) was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"). Section 1322(b)(1) now provides that a chapter 13 plan may "designate a class or classes of unsecured claims . . . but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims." Id.

Neither the House nor Senate reports for BAFJA contain any reference to section 1322(b)(1). Rather, current section 1322(b)(1) derives from a prior bill, the Omnibus Bankruptcy Improvement Acts of 1983 ("OBIA"), which was only partially incorporated into BAFJA. Id. The Senate report for OBIA states as follows:

> Although there may be no theoretical differences between codebtor claims and others, there are important practical differences. Often, the codebtor will be a relative or a friend, and the debtor feels compelled to pay the claim. If the debtor is going to pay this debt anyway, it is important that this fact be considered in determining the feasibility of the plan. Sometimes, the codebtor will have posted collateral, and the debtor will feel obligated to make the payment to avoid repossession of the collateral. In still other cases, the codebtor cannot make the payment and the effect of nonpayment will be to trigger a Chapter 7 or Chapter 13 petition by the co-debtor, which may have a ripple effect on other parties as well. For these reasons, separate classification is often practically necessary.

S. Rep. No. 56, 98th Cong., 1st Sess., 17–18 (1983).

Judges disagree regarding exactly how much latitude the however clause in section 1322(b)(1) ("the however clause") gives the debtor to discriminate between joint and individual debts. Some courts have held that the however clause does not completely preclude the Court from considering whether the debtor's plan discriminates unfairly. For example, in McKown,

227 B.R. at 489, the debtor proposed an amended plan that paid his general unsecured creditors 33% but paid a joint account in full. The court held that it was the debtor's burden to demonstrate fairness in light of the policy goals of the however clause. Id. at 494. The court then denied confirmation of the debtor's amended plan because he did not make the required evidentiary showing. Id. at 494. *See also* In re Chacon, 202 F.3d 725, 725–27 (5th Cir. 1999).

Other courts have held that the however clause completely precludes bankruptcy courts from considering whether differences in payment between individual and joint creditors is unfairly discriminatory under section 1322(b)(1). For example, in In re Dornon, 103 B.R. 61, 61 (Bankr. N.D.N.Y. 1989), the debtor proposed a 10% repayment to her general unsecured creditors while paying a cosigned debt in full. The Court held that the however clause constitutes a "carve out" to the unfair discrimination standard of section 1322(b)(1) and confirmed the debtor's plan over a creditor's unfair discrimination objection. Id. at 64–65.

Importantly, however, even those courts that have held that the however clause provides a carve out to the unfair discrimination standard emphasize that debtors' plans are still subject to the good faith standard of 11 U.S.C. § 1325(a)(3). *E.g.*, Dornon, 103 B.R. at 64. *See also* In re Ramirez, 204 F.3d 595, 600–601 (5th Cir. 2000) (Benavides, concurring). Good faith is a broader standard than unfair discrimination in that it requires an inquiry into all of the facts and circumstances of a debtor's proposed plan. Metro Employees Credit Union v. Okoreeh-Baah (In re Okoreeh-Baah), 836 F.2d 1030, 1033 (6th Cir. 1988). Unlike section 1325(b)(1), the Court may enforce the provisions of 1325(a)(3) whether or not a party in interest objects to the debtor's plan. *See* In re Szostek, 886 F.2d 1405, 1414 (3rd Cir. 1989).

In this case, debtor's plan is both unfairly discriminatory and in bad faith. The same three reasons apply under either analysis. First, the ratio of the discrimination, one hundred to one, is extreme. Second, the rate at which the co-obligor's debts are paid off under the plan is unusually fast (credit cards are not normally paid at such a rate), meaning that the debtor and the co-obligor are making unusual payments to benefit themselves to the detriment of all other unsecured creditors. Third, the debtor's plan provides a pain-free bankruptcy-by-proxy. Debtor indicates that his wife does not wish to file bankruptcy because she has considerable equity in real estate. (Response at 2). Debtor's plan attempts to give his wife the benefits of a bankruptcy discharge without any distribution to creditors. This is patent bad faith. Furthermore, it is also unfair. The however clause was intended to protect innocent co-obligors–not to allow co-obligors to enjoy all of the benefits of bankruptcy without any personal cost.

It is difficult to imagine a statutory interpretation more cynical than the one advocated by the debtor, nor one that could more easily cause the bankruptcy system to be viewed with disrepute. Stripped down to its essentials, the plan proposes the following: Debtor will pay nothing to any of his creditors except those for which his wife is a co-obligor. Those debts, and only those debts, will be paid in full so that his wife, who has assets, won't have to pay anything. We don't need the winner of the Robin Cosgrove Prize to tell us that this isn't right.

Accordingly, confirmation of debtor's plan is denied.

An order will issue with this opinion.

\# \# \#

Service List:

James M Mauller, II
2486 Lake Center Street NW
Uniontown, OH 44685

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

David A Mucklow
4882 Mayfair Rd
North Canton, OH 44720